IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME JUNIOR WASHINGTON, | No. 4:23-CV-01659 |
| Plaintiff, | |
| v. | (Chief Judge Brann) |
| SUPERINT. SALAMON, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

OCTOBER 24, 2023

Plaintiff Jerome Junior Washington, a serial *pro se* litigant, filed the instant Section 1983[1] lawsuit concerning the alleged loss of personal property during his transfer out of the State Correctional Institution, Rockview (SCI Rockview). Washington's complaint fails to state a claim upon which relief may be granted, so it will be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

I.   BACKGROUND

Washington is a serial *pro se* prisoner litigant who has inundated the federal courts with scores of civil rights cases, which are often dismissed or fail on the merits. He is currently incarcerated at SCI Forest.[2]

---

[1]   42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]   *See* Doc. 1 at 2. The Court cites to the page numbers of the complaint (rather than the paragraph numbers) because Washington—despite having been admonished in previous cases—failed to leave one-inch margins on his filing, in contravention of Local Rule of Court 5.1(c).

His allegations in the instant complaint are uncomplicated. He claims that, when he was transferred from SCI Rockview to SCI Forest in June 2023, he was transferred without his personal property.[3] He additionally appears to contend that he has not received multiple items of his personal property and was therefore wrongfully deprived of that property by various prison officials.[4]

Washington sues eight defendants, seeking compensatory, punitive, and equitable relief.[5] Because his pleading fails to state a claim for relief and cannot be cured by amendment, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

## II.   STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[6] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[7] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to

---

[3] Doc. 1 at 4, 5.
[4] *See id.* at 5-7.
[5] *Id.* at 2-3, 6-7. The Court need not identify the various prison officials or determine whether Washington plausibly pled their personal involvement because Washington has not identified, and cannot identify, a constitutional violation.
[6] *See* 28 U.S.C. § 1915A(a).
[7] *Id.* § 1915A(b)(1).

screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[8]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[9] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[10] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[11]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[12] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[13] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal

---

[8] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

[9] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[10] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[11] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[12] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[13] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[14]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[15]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[16]

Because Washington proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[17]  This is particularly true when the *pro se* litigant, like Washington, is incarcerated.[18]

## III.  DISCUSSION

Washington's complaint raises a single claim regarding alleged deprivation of personal property by state actors.  Although he cites both the Eighth and Fourteenth Amendments,[19] his allegations do not implicate any type of Eighth Amendment claim.  In no way could the loss of items like food, a television, a tablet charger, art supplies, or pictures rise to the level of cruel and unusual punishment.  The Court will therefore consider Washington's single Fourteenth Amendment due process claim.

---

14  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
15  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
16  *Iqbal*, 556 U.S. at 681.
17  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
18  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
19  *See* Doc. 1 at 6.

### A.     Fourteenth Amendment Deprivation of Property

As best the Court can ascertain, Washington is trying to assert a Fourteenth Amendment claim of deprivation of property without due process of law.[20]  This constitutional tort, however, has significantly limited application.  Most acutely, such a due process claim is unavailable when "adequate state post-deprivation remedies are available."[21]

Washington's complaint is silent as to whether adequate state post-deprivation remedies exist for the alleged loss of his property.  However, the Court observes that state tort law provides a remedy for the claim Washington is asserting.[22]  Additionally, the United States Court of Appeals for the Third Circuit has held that the prison grievance process constitutes an adequate post-deprivation remedy for claims like those asserted here, even if the plaintiff disagrees with the results.[23]  Thus, to the extent that Washington is attempting to raise a Fourteenth

---

[20]   *See Hudson v. Palmer*, 468 U.S. 517 530, 533 (1984).
[21]   *Id.* at 533.
[22]   *See* 42 PA. CONS. STAT. § 8522(a), (b)(3) (waiving state statutory sovereign immunity for negligent acts related to the "care, custody or control of personal property in the possession or control of Commonwealth parties"); *Thompson v. Ferguson*, 849 F. App'x 33, 35-36 (3d Cir. 2021) (nonprecedential) (noting that Fourteenth Amendment due process property deprivation claim, for either negligent or intentional deprivation, fails as a matter of law due to existence of state post-deprivation remedies); *Cruz v. SCI-SMR Dietary Servs.*, 566 F. App'x 158, 160 (3d Cir. 2014) (nonprecedential) (noting that district court correctly dismissed Fourteenth Amendment due process property deprivation claim due to existence of state post-deprivation remedies); *see also Shonberger v. Oswell*, 530 A.2d 112, 114 (Pa. Super. Ct. 1987) (explaining intentional tort of conversion).
[23]   *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000).

Amendment deprivation-of-property claim, that claims fails as a matter of law and must be dismissed.[24]

### B. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[25] Leave to amend will be denied as futile because Washington's pleading deficiencies cannot be cured by amendment.[26] Washington has not stated, and cannot state, a Fourteenth Amendment deprivation-of-property due process claim with respect to the alleged loss of his personal property.

### IV. CONCLUSION

Based on the foregoing, the Court will dismiss with prejudice Washington's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because it fails to state a claim upon which relief may be granted. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[24] See *Thompson*, 849 F. App'x at 35-36; *Cruz*, 566 F. App'x at 160.
[25] *Grayson*, 293 F.3d at 114.
[26] See *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010) ("Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." (citation and internal quotation marks omitted)).